# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE WAYNE TAYLOR,<br><br>                Plaintiff,<br><br>   v.<br><br>CVS PHARMACY, INC.<br><br>               Defendant. | Case No. 15-cv-2102-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS***; AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On September 21, 2015, Plaintiff Jessie Wayne Taylor ("Plaintiff"), proceeding *pro se*, commenced this action against Defendant CVS Pharmacy, Inc. ("Defendant"). (ECF No. 1.) Plaintiff alleges that on April 24, 2015, CVS employees at a CVS store in Lemon Grove, CA refused him permission to use the store's restroom. (*Id.*) Plaintiff claims that this refusal constitutes a denial of equal access to a place of public accommodation in violation of Title II of the Civil Rights Act, 42 U.S.C. § 2000a. On the same day that Plaintiff filed his complaint, he also filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons outlined below, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP and **DISMISSES WITHOUT PREJUDICE** the action in its entirety for lack of

subject matter jurisdiction. Plaintiff's motion to appoint counsel is **DENIED AS MOOT**. (ECF No. 3.)

## I. MOTION FOR LEAVE TO PROCEED IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the fees or give security needed to commence a legal action may petition a court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "[*i*]*n forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal.

Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's motion, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff is currently unemployed, and has been since July 1997. (IFP Mot. 5:2.) He has no cash on hand nor money in a savings or checking account. (*Id*. at 6:2.) Although Plaintiff owns an automobile, he has not, in the past twelve months, received any income in the form of rent, interest, retirement payments, or money from other sources. (*Id*. at 5:9–13.) Plaintiff also declares that he has a monthly rental obligation of $750.00. (*Id*. at 7:1–4.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Therefore, based on the information presented, the Court finds that Plaintiff satisfies the requirements to proceed IFP.

**II.      SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by the Constitution or a statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Here, Plaintiff has not provided the required jurisdictional support for his claim.

Title II of the Civil Rights Act guarantees equal access to "the goods, services,

facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). The fundamental object of Title II is to vindicate "the deprivation of personal dignity that surely accompanies denials of equal access to public establishments." *Heart of Atlanta Motel, Inc. v. U.S.*, 379 U.S. 241, 250 (1964) (quotation marks and citation omitted). However, there are certain jurisdictional prerequisites to bringing a claim under Title II. Specifically, 42 U.S.C. § 2000a–3(c) provides that where a State or local law prohibits the alleged discriminatory act or practice and establishes a State or local authority to grant or seek relief from such practice, "no civil action may be brought . . . before the expiration of thirty days *after written notice of such alleged act or practice has been given to the appropriate State or local authority*[.]" (emphasis added). "Therefore, if the state in which the alleged civil rights violation occurred has established an agency with authority to hear complaints of discrimination prohibited by Title II, giving notice of the violation to the appropriate state agency is a prerequisite for federal jurisdiction." *May v. California Hotel and Casino, Inc.*, 2014 WL 1494231, at *3 (D. Nev. Apr. 14, 2014).

California law clearly prohibits the discriminatory act alleged by Plaintiff. The state's Unruh Civil Rights Act ("Unruh Act"), codified as California Civil Code § 51, states that "All persons within the jurisdiction of this state are free and equal, and no matter their sex, race, color, religion . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever[.]" Furthermore, California law grants the Department of Fair Employment and Housing (DFEH), a state agency, the power to enforce California's civil rights laws. This enforcement power extends to the Unruh Act's guarantee of equal access to public accommodations. *See* Cal. Govt. Code § 12930. In cases alleging an Unruh Act violation, complaints must be filed with the DFEH within one year from the date of the alleged unlawful act. *See* Cal. Govt. Code

§ 12960(d).

Given that (1) California law prohibits the discriminatory act alleged here and (2) there is a California state agency charged with enforcing the state's anti-discrimination laws, Plaintiff must provide written notice to the DFEH before bringing a civil action in federal court. Plaintiff has not demonstrated that he has provided such notice. Although Plaintiff's complaint contains factual allegations surrounding the incident, the complaint does not state whether Plaintiff has filed a complaint with the DFEH or otherwise notified the agency. Therefore, because Plaintiff fails to show that he has provided the requisite notice to the DFEH of the alleged discrimination, this Court lacks jurisdiction to hear the Title II claim. *May*, 2014 WL 1494231, at *4; *see also Whitehurst v. 230 Fifth Inc.*, 2011 WL 3163495, at *8 (S.D.N.Y. Jul. 26, 2011) (dismissing claim brought under 42 U.S.C. § 2000a because Plaintiffs did not provide written notice to the New York state agency established to deal with civil rights complaints).

### III.  CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint in its entirety for lack of subject matter jurisdiction. If Plaintiff still wishes to proceed with this matter, he must provide the requisite notice to the California DFEH of the alleged discrimination and SUBMIT AN AMENDED COMPLAINT clearly showing that he has given such notice. The amended complaint must be filed no later than **November 13, 2015**. Plaintiff is reminded that a complaint filed in federal court must meet the requirements outlined in Federal Rule of Civil Procedure 8(a). Plaintiff is further reminded that notations on a civil cover sheet are "[f]or administrative purposes only" and do not constitute part of the complaint. *See* Civ. L.R. 3.1.

**IT IS SO ORDERED.**

**DATED: October 23, 2015**

Hon. Cynthia Bashant
United States District Judge